IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| BRANDON WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 25-04082-CV-C-BP |
| | ) |
| CITY OF JEFFERSON CITY | ) |
| MUNICIPALITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER (1) ADOPTING REPORT AND RECOMMENDATION AND (2) GRANTING MOTION TO DISMISS FILED BY THE CITY OF JEFFERSON CITY

Proceeding pro se, Plaintiff brought this lawsuit against the City of Jefferson City ("the City") and unnamed police officers with the Jefferson City Police Department ("JCPD"), alleging a variety of corrupt and unconstitutional actions by Jefferson City police officers. (Doc. 3, p. 4.)[1] In May 2025, the City filed a Motion to Dismiss; Plaintiff did not respond to it or an Order directing that he do so, (*see* Doc. 9), and the Honorable Willie J. Epps, Jr. issued a Report recommending that Defendant's Motion be granted. (Doc. 10.) Shortly thereafter the case was randomly reassigned to the undersigned. (Doc. 11.)

Plaintiff did not object to Judge Epps's Report and its recommendation that his claims against the City be dismissed. Instead, he filed a series of Motions, including a Motion seeking leave to file an Amended Complaint (although he did not provide a copy of the Amended Complaint he wished to file). In October 2025, the Court issued Orders (1) deferring consideration of Judge Epps's Report and the Motion to Dismiss it addressed, (2) granting Plaintiff leave to file an Amended Complaint, and (3) denying all other motions. (Doc. 30; Doc. 31.) The Court further

---

[1] Page numbers listed here are those assigned by the CM/ECF system.

stated that it would "evaluate the Amended Complaint in light of the City's previously-filed Motion and Judge Epps's Report, and . . . solicit additional briefing from the parties if necessary." (Doc. 30, pp. 7-8.) On November 12, 2025, the Court issued an Order that, in part, extended the deadline for Plaintiff to file his Amended Complaint to November 21, 2025. (Doc. 35.) But Plaintiff has not filed an Amended Complaint; instead, on that date he filed a Motion seeking an Order directing the City to Show Cause why its conduct "has not deprived Plaintiff of his right to a fair trial and due process of law" and requesting an evidentiary hearing. (Doc. 36, p. 3.)

Without a timely-filed Amended Complaint, (1) Plaintiff's original Complaint remains his operative pleading and (2) Judge Epps's Report recommending that the City's Motion to Dismiss be granted remains pending. Defendant did not file timely objections to the Report; accordingly, the Court is not required to review any portions of it, *see* 28 U.S.C. § 636(b)(1)(B), and Plaintiff has waived his right to seek review of it. Local Rule 74.1(b)(5). Moreover, the Court agrees with the Report that the Complaint does not allege any facts that would support a claim against the City because he has not alleged the existence of an unconstitutional municipal policy or practice, or a deliberately indifferent failure to train or supervise, as required by *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Accordingly, Judge Epps's Report, (Doc. 10), is adopted as the Order of the Court, the Motion to Dismiss, (Doc. 7), is **GRANTED**, and Plaintiff's claims against Jefferson City, Missouri are **DISMISSED** for failure to state a claim. And with the City's dismissal, Plaintiff's Motion for Order to Show Cause, (Doc. 36), is **DENIED**.

**IT IS SO ORDERED.**

Date: December 2, 2025

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT