IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| BRANDON WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 25-04082-CV-C-BP |
| | ) |
| CITY OF JEFFERSON CITY | ) |
| MUNICIPALITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER (1) PARTIALLY VACATING ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING "JCPD POLICE OFFICERS" WITHOUT PREJUDICE

Plaintiff filed this case in April 2025 and named as Defendants (1) the City of Jefferson City (the "City") and (2) "JCPD Police Officers." He also sought leave to proceed in forma pauperis, which was granted. (Doc. 2.)[1] In a separate Order filed today, the Court has granted the City's Motion to Dismiss. The Court now vacates the Order granting Plaintiff leave to proceed in forma pauperis with respect to the unnamed police officers and dismisses them without prejudice.

28 U.S.C. § 1915(a)(1) permits a court to allow a litigant to proceed without paying the necessary filing fee. However, § 1915(e)(2)(B) declares that such leave should be denied, and the case dismissed, if the case "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint is frivolous under § 1915(e)(2)(B)(i) if there is "indisputably absent any factual or legal basis for the wrong asserted in the complaint." *Williams v. White,* 897 F.2d 942, 943 (8th Cir. 1990) (quotation omitted). This standard is higher than the standard for dismissing a case

---

[1] The Motion for Leave to Proceed in Forma Pauperis was granted by the Honorable Willie J. Epps, Jr., Magistrate Judge for this District. The case was transferred to the undersigned on June 24, 2025. (Doc. 11.)

under Rule 12(b)(6) of the Federal Rules of Civil Procedure, *id.,* but the 12(b)(6) standard is also applicable by virtue of § 1915(e)(2)(B)(ii). Under that standard, a complaint must contain sufficient factual content to demonstrate a reasonable inference (and more than a sheer possibility) that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *e.g., Horras v. American Capital Strategies, Ltd.,* 729 F.3d 798, 801 (8th Cir. 2013).

In forma pauperis status can be denied "at any time" the Court determines these standards have not been met, 28 U.S.C. § 1915(e)(2), which means the Court's initial decision can be withdrawn. "[A]n in forma pauperis complaint may be dismissed for frivolity . . . at any time, even when an initial examination did not disclose the frivolousness of the complaint." *Heimermann v. Global Sec. Tr. Co.*, 132 F.3d 36 (7th Cir. 1997); *see also Oughton v. United States*, 310 F.2d 803, 804 (10th Cir. 1962).

Plaintiff has not taken any steps to identify the officers he wishes to sue so that they may be served. Moreover, his Complaint concludes the officers are liable to him because they have kidnapped, robbed, and arrested him, made false reports about him, illegally searched him, and "continue to exhibit corrupt law breaking practices towards" him. (Doc. 3, pp. 3-4.) These legal conclusions are insufficient to state a claim, and Plaintiff alleges no facts that plausibly suggest any officer is liable. Moreover, the lack of factual allegations means the Court cannot conclude his claims are not frivolous.

For these reasons, the Court vacates the Order granting Plaintiff leave to proceed in forma pauperis with respect to his claims against the "JCPD Officers," and those claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Date: December 2, 2025

/s/ Beth Phillips  
BETH PHILLIPS, CHIEF JUDGE  
UNITED STATES DISTRICT COURT